Filed 10/14/22 P. v. Santana CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077531 |
| v. | (Super.Ct.No. RIF152925) |
| JACOB EARL SANTANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Jacob Earl Santana, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court dismissed. Defendant contends the court erred in dismissing his petition. We reverse and remand the matter for reconsideration.[2]

## I. PROCEDURAL BACKGROUND[3]

A jury convicted defendant of conspiracy to commit murder (§ 182, subd. (a)(1), count 1), three counts of attempted murder (§§ 664, 187, subd (a), counts 2-4), and three counts of assault with a firearm (§ 245, subd. (a)(2), counts 5-7). (*Santana I*, *supra*, E053875; *Santana II*, *supra*, E072692.) The court sentenced him to imprisonment for 25 years to life. (*Ibid.*) Defendant appealed the judgment, which this court affirmed. (*Santana I*, *supra*, E053875.)

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant filed a petition for writ of habeas corpus (*In re Santana*, Jan. 12, 2022, E078359), which we ordered to be considered with this appeal. We shall resolve the petition by separate order.

[3] On December 30, 2021, we granted defendant's request for judicial notice of this court's opinion in *People v. Santana* (Apr. 4, 2012, E053875) [nonpub. opn.] (*Santana I*), from defendant's appeal from the judgment; this court's opinion in *People v. Santana* (July 30, 2019, E072692) [nonpub. opn.] (*Santana II*), from defendant's appeal from the denial of his first former section 1170.95 petition; and the jury instructions given during his trial. (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).) We exclude a recitation of the facts as irrelevant to the issue raised on appeal.

On January 28, 2019, defendant filed a form petition for resentencing pursuant to former section 1170.95. (*Santana II*, *supra*, E072692.) On April 12, 2019, the court denied defendant's petition, without prejudice, reasoning that defendant had failed to make a prima facie showing of relief because he had not checked the boxes on the form petition reflecting he was not the actual shooter, did not intend to kill the victim, was not a major participant, and that the victim was not a peace officer: "He can refile the petition." (*Ibid*.) Defendant appealed. We affirmed noting that relief was available only for those convicted of murder. (*Ibid*.)

On March 10, 2021, defendant filed another form petition for resentencing pursuant to former section 1170.95. This time, defendant checked the boxes on the petition reflecting that he had been convicted of first degree murder, was not the actual killer, did not intend to kill, was not a major participant acting with reckless indifference, and that the victim was not a peace officer.

At a hearing on August 6, 2021, the People asked the court to dismiss "this case because there was no murder conviction according to the records." The court noted, "I see no legal basis for the motion. It is . . . inapposite to the charges he was convicted of." Defense counsel objected for the record. The court dismissed the petition.

## II. DISCUSSION

Defendant contends the matter must be reversed and remanded for a new prima facie determination because Senate Bill No. 775 (2021-2022 Reg. Sess.) has clarified that former section 1170.95 relief may extend to those persons, like defendant, who stand

3

convicted of attempted murder. The People concede the matter should be remanded for a prima facie hearing. We agree.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)[4]

"At the time the trial court considered petitioner's petition, [former] section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. [Citation.] However, [former] section 1170.95 has since been amended to '[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'" (*People v. Porter* (2022) 73 Cal.App.5th 644, 651.) Since the

---

[4] The Legislature amended former section 1170.95 effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) "The amendment . . . codifies certain holdings in *Lewis* . . . ." (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 568, fn. 2, review granted Mar. 23, 2022, S273159.)

court's order dismissing the petition is not yet final, and Senate Bill No. 775 has already taken effect, "the revisions set forth in Senate Bill No. 775 apply to the instant petition." (*Porter*, at p. 652.)

Here, the court dismissed defendant's petition based solely on the fact that defendant had not been convicted of murder, which, at that time, was a proper basis for dismissing the petition. However, since that time, the Legislature amended the statute to expressly provide relief for persons who, like defendant, have been convicted of attempted murder. Since defendant's case was not final when the amendments became effective, defendant is entitled to the benefit of those amendments. Thus, we shall reverse the order dismissing defendant's petition and remand the matter for a new prima facie hearing.

## III. DISPOSITION

The order dismissing defendant's petition is reversed. The matter is remanded with directions to hold a new prima facie hearing. We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

MENETREZ _____
J.

5